UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-539-RJC
3:21-cr-233-RJC-DCK-1

| | |
|---|---|
| GREGORY ALLEN LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1].

## I.   BACKGROUND

Petitioner was charged along with a co-Defendant in the underlying criminal case with drug and gun charges.[1] The counts pertaining to Petitioner are: possession with intent to distribute methamphetamine in violation of 18 U.S.C. § 841 (Counts Two, Five, and Eight); possession of a firearm in furtherance of a drug trafficking crime, i.e., Counts Two, Five, and Eight, in violation of 18 U.S.C. § 924(c) (Counts Three, Six, and Nine); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts Four, Seven, and Eleven). [3:21-cr-233 ("CR") Doc. 30 (Superseding Indictment)].

---

[1] Petitioner's co-Defendant, David Lamar Woods, filed a Motion to Suppress, arguing that certain evidence was obtained during unconstitutional searches of his residence. [See CR Docs. 31, 36]. On April 5, 2022, the Court denied Woods' Motion to Suppress after a hearing, concluding that the searches did not violate Woods' Fourth Amendment rights. [CR Doc. 39]. The United States moved to dismiss the charges against Woods on May 5, 2022 [CR Doc. 45], and the Motion was granted on May 9, 2022 [CR Doc. 46].

Petitioner pleaded guilty to Counts Two, Five, and Nine pursuant to a written Plea Agreement in exchange for the United States' agreement to dismiss the remaining counts. [CR Doc. 40 at ¶¶ 1, 2 (Plea Agreement)]. Petitioner admitted that he is, in fact, guilty as charged in Counts Two, Five, and Nine. [Id. at ¶ 1]. The Plea Agreement provides that Petitioner's breach of the agreement would "permit the United States to proceed on any dismissed, pending, superseding or additional charges.…" [Id. at ¶ 4]. The Plea Agreement sets forth the statutory minimum and maximum sentences of: not more than 20 years' imprisonment for Counts Two and Five;[2] and a minimum five years running consecutively to any other term of imprisonment and a maximum of life for Count Nine. [Id. at ¶ 5].

The parties agreed to jointly recommend that: the amount of methamphetamine "ice" that was known to or reasonably foreseeable by Petitioner was in excess of 50 grams but less than 150 grams, resulting in a base offense level of 30; the plea is timely for purposes of acceptance of responsibility; and the career offender or armed career criminal enhancements may be used in determining the sentence, if applicable. [Id. at ¶ 6]. The parties remained free to argue their respective positions regarding other specific offense characteristics, cross-references, special instructions, reductions, enhancements, adjustments, and departures or variances from the applicable guideline range. [Id.]. The Plea Agreement further provides that: the Court would consider the advisory U.S. Sentencing Guidelines in determining the sentence; the Court had not yet determined the sentence; any estimate of the likely sentence is a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum for each count; the Court would not be bound by the parties' recommendations or

---

[2] The Plea Agreement refers to a possible 30-year sentence pursuant to § 851 for these Counts, however, no § 851 Notice was filed in the criminal case. [See CR Doc. 40 at ¶ 5; CR Doc. 48 at ¶ 102].

agreements; and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. [Id. at ¶ 7].

The Plea Agreement provides that there is a factual basis for the guilty plea, and that Petitioner read and understood the Factual Basis filed with the Plea Agreement, which may be used by the Court, U.S. Probation Office, and United States without objection for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence. [Id. at ¶ 11]. The Plea Agreement further provides that the Factual Basis does not necessarily represent all conduct relevant to sentencing, and that the Government may submit a Statement of Relevant Conduct to the Probation Office, and present the Court with additional relevant facts for purposes of sentencing. [Id. at ¶ 12].

The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right: to withdraw the guilty plea once the Magistrate Judge has accepted it; to be tried by a jury; to be assisted by an attorney at trial; to confront and cross-examine witnesses; and not to be compelled to incriminate himself. [Id. at ¶¶ 13-15]. The Plea Agreement acknowledges that Petitioner had discussed with defense counsel his post-conviction and appellate rights, whether there are potential issues relevant to an appeal or post-conviction action, and the possible impact of any such issue on the desirability of entering into the Plea Agreement. [Id. at ¶ 16]. Petitioner expressly waived the right to contest his conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 17]. The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." [Id. at ¶ 28].

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

>  On or about September 25, 2020, in Gaston County, … and elsewhere, the defendant, GREGORY ALLEN LEWIS, did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (Count Two in the Bill of Indictment, as superseded)
>
>  On or about January 6, 2021, in Gaston County, … and elsewhere, the defendant, GREGORY ALLEN LEWIS, did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (Count Five)
>
>  On or about April 13, 2021, in Gaston County, … and elsewhere, the defendant, GREGORY ALLEN LEWIS, did knowingly possess in furtherance of a drug trafficking crime, that is, possession with intent to distribute a controlled substance, a violation of Title 21 United States Code, Section 841, as charged in Count Eight of the Bill of Indictment (as superseded), ,for which he may be prosecuted in a court of the United States, one or more firearms, all in violation of Title 18, United States Code, Section 924(c). (Count Nine).

[CR Doc. 41 at 1-2] (paragraph numbers omitted).

On April 20, 2022, a Rule 11 hearing came before a United States Magistrate Judge. [CR Doc. 42 (Acceptance)]. Petitioner stated under oath that he received a copy of the Indictment, discussed it with counsel, and fully understood the charges and the maximum and minimum penalties that could apply to him. [Id. at 1]. He admitted that he is, in fact, guilty of the counts to which he was pleading guilty. [Id. at 3]. Petitioner agreed that he understood that pleading guilty may cause him to be deprived of certain civil rights, and that he discussed with counsel: how the sentencing guidelines may apply to his case; that the Court would not be able to determine the sentence until a PSR has been prepared and Petitioner has had an opportunity to comment on it; he may receive a sentence that is different from that called for by the guidelines; and he has no right to withdraw the plea even if he receives a sentence more severe than he expects. [Id. at 2].

4

Petitioner acknowledged the rights he was waiving by pleading guilty, and stated his understanding that the case would proceed directly to sentencing. [Id. at 2-3].

Petitioner confirmed that he understood and agreed with the terms of the Plea Agreement, including the waiver of his appellate and post-conviction rights. [Id. at 3]. Petitioner stated that he read the Factual Basis, understood it, and agreed with it. [Id.]. Petitioner stated that nobody threatened, intimidated, or forced him to plead guilty, and that nobody made any promises of leniency or a light sentence other than the terms of the Plea Agreement. [Id.]. Petitioner had enough time to discuss any possible defenses with his lawyer and was satisfied with counsel's services. [Id.].

The Presentence Investigation Report (PSR) sets forth the facts from the Factual Basis. [CR Doc. 48 at ¶¶ 5-7 (PSR)]. It also contains a Statement of Relevant Conduct that sets forth additional detailed facts including facts about the counts that were being dismissed pursuant to the Plea Agreement. [See, e.g., id. at ¶¶ 9-15]. The PSR scored the base offense level for Counts Two and Five as 30 based on the amount of methamphetamine "ice" that was known to or reasonably foreseeable by Petitioner. [Id. at ¶ 21]. Three levels were deducted for acceptance of responsibility, based on Petitioner's written statement to the probation officer stating: "I accept full responsibility for my actions. I understand what I have done was wrong." [Id. at ¶¶ 18, 28, 29]. This resulted in a total offense level of 27 for Counts Two and Five. [Id. at ¶ 30]. Petitioner had three criminal history points a criminal history category of II. [Id. at ¶ 60]. The resulting advisory guideline range was 78 to 97 months of imprisonment for Counts Two and Five, and the statutorily-required 60-month consecutive sentence for Count Nine. [Id. at ¶¶ 101]. With regards to the impact of the Plea Agreement, the PSR notes that, "[h]ad the defendant pled guilty to Counts 3s and 6s, he would

have been eligible for statutory imprisonment terms of 5 years per count to be served consecutively to the term(s) of imprisonment served in the other counts." [Id. at ¶ 103].

A sentencing hearing came before the Court on August 17, 2022. The Court accepted the PSR without change, but granted a defense Motion for Variance over the United States' objection. [See Doc. 53 (Statement of Reasons)]. The Court accordingly sentenced Petitioner below the advisory guideline range to a total of 120 months' imprisonment, consisting of 60 months for Counts Two and Five, concurrent, and 60 months for Count Nine, consecutive, in a Judgment entered on August 23, 2022. [CR Doc. 52 (Judgment)]. Petitioner did not appeal.

Petitioner filed the instant pro se § 2255 Motion to Vacate on August 16, 2023. [Doc. 1]. He argues that counsel was ineffective for failing to file a Motion to Suppress challenging the "validity" of certain evidence, as did co-Defendant's counsel. [Id. at 4]. He argues that this "amounted to Prejudice because had the evidence been thrown out Petitioner may not have received any charges, like his codefendant." [Id.]. He requests that the Court: appoint counsel, grant an evidentiary hearing, permit discovery, and "Vacate and Remand Petitioner's Convictions and Sentences due to Fruit of the Poisonous Tree Doctrine." [Id. at 12]. The United States filed a Response arguing that the Motion to Vacate should be denied because Petitioner waived counsel's allegedly ineffective pre-plea conduct when he pleaded guilty, and because Petitioner failed to establish that counsel provided ineffective assistance of counsel. [Doc. 4]. Petitioner has not filed a Reply and the time to do so has expired. Accordingly, this matter is ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

6

Case 3:21-cr-00233-RJC-DCK   Document 57   Filed 12/01/23   Page 6 of 11

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects[.]"). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Here, Petitioner does not challenge the voluntariness of his plea.[3] He claims instead that counsel provided pre-plea ineffective assistance by failing to seek the suppression of certain evidence. The record establishes that Petitioner's guilty plea was knowing and voluntary, and Petitioner does not argue to the contrary. Petitioner has thus waived the present claim of pre-plea ineffective assistance of counsel and it is dismissed. See Willis, 992 F.2d at 490.

Even if the Petitioner's claim were not waived, it would be denied on the merits because he has failed to demonstrate either deficient performance or prejudice. Petitioner claims in conclusory fashion that counsel should have filed a Motion to Suppress modeled on co-Defendant

---

[3] Had Petitioner asserted such a claim, it would be denied because it is conclusively refuted by his sworn statements at the Rule 11 hearing, and because proceeding to trial would not have been objectively reasonable in light of the strong evidence of his guilt and the highly beneficial plea agreement. See generally Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (a defendant's statements under oath at a plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks); United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (a person challenging a conviction must establish that it would have been rational under the circumstances to plead guilty, in light of all of the facts).

8

Woods' Motion. However, the co-Defendant's Motion to Suppress was denied and Petitioner has failed to explain why he would have been successful had his attorney filed such a Motion. Nor does he establish prejudice by speculating that evidence would have been "thrown out," and that he "may not have may not have received any charges" had counsel filed a Motion to Suppress.[4] [Doc. 1 at 4]; see generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Petitioner has failed to demonstrate that counsel's performance was deficient or that he was prejudiced in any way. Accordingly, the Motion to Vacate is alternatively denied on the merits.

The Court will briefly address Petitioner's requests for the appointment of counsel and for discovery. A § 2255 petitioner must demonstrate good cause in order to obtain discovery. The Rules governing § 2255 proceedings state that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law…." Rule 6(a), 28 U.S.C. foll. § 2255. A party requesting discovery in a § 2255 proceeding must provide reasons for the request, and must include any proposed interrogatories, requests for admission, and must specify any requested documents. Petitioner's request for "discovery" is vague and conclusory in that he fails to identify the material he seeks, nor has he demonstrated good cause to support a discovery request. Accordingly, his request for discovery is denied.

Petitioner also requests the appointment of counsel, but there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555

---

[4] Moreover, the Respondent notes, and Petitioner does not dispute, that the Motion to Suppress concerns only a portion of the evidence set forth in the PSR that supported the charges against Petitioner. [See Doc. 4 at 11; CR Doc. 48 at ¶¶ 5-15].

9

(1987). In § 2255 actions, the appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Petitioner has failed to justify his request for counsel in any way, and the Court finds that Petitioner has represented himself ably in this matter. Accordingly, the appointment of counsel is not warranted.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED and DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: December 1, 2023

Robert J. Conrad, Jr.
United States District Judge